**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Richard Charles Tuccio,           )
                                  )    CV-12-565-TUC-DCB
           Petitioner,            )
                                  )
v.                                )
                                  )
Charles L. Ryan, et al.,          )    **ORDER**
                                  )
           Respondents.           )
                                  )
_____)

   This matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the local rules of practice of this Court for a Report and Recommendation (R&R) on the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254. Before the Court is the Magistrate Judge's Report and Recommendation, which recommends that the Petition be denied and dismissed. The Petitioner filed Objections to the Report and Recommendation and the Respondents filed a Response to the Objections.

**PETITIONER'S OBJECTIONS**

   Petitioner's objections, as follows:

   Petitioner claims that the Recommendation of the Magistrate Judge that petitioner failed to argue for the first time that his attorney failed to conduct adequate investigation to advise and assist him in making an informed decision on the plea offer versus going to trial in his PCR is not correct...Petitioner claims that claim 3 is not procedurally defaulted in this case.

(Objection at 6-7.) In addition, Petitioner claims that the Magistrate Judge committed error in recommending that claims (1), (2) and (4) may be dismissed on their merits.[1] (Objection at 8.)  His reasoning is that in this case, his attorney was ineffective "because of his acts that were inconsistent with his duties of loyalty to petitioner."  (Objection at 9.)

**STANDARD OF REVIEW**

When objection is made to the findings and recommendation of a magistrate judge, the district court must conduct a de novo review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

**DISCUSSION**

Petitioner was convicted by a jury in Pima County Superior Court, case #CR 2009-1004- 001, of Kidnapping-Domestic Violence, Sexual Assault, and Burglary, and was sentenced to multiple terms of imprisonment, the longest of which is 10.5-years.  Petitioner raised four grounds for relief: (1) Petitioner's trial counsel was ineffective in violation of the Sixth Amendment;(2) The trial court erred by precluding testimony that was relevant and probative toward Petitioner's defense, in violation of the Sixth and Fourteenth Amendments; (3) Petitioner's Sixth Amendment rights were violated when trial counsel failed to inform him of a plea deal and when the trial court abused its discretion by denying Petitioner's request for a hearing on the issue of ineffective assistance of counsel; and (4) Petitioner's appellate counsel was ineffective in violation of the Sixth Amendment.

---

[1] The Respondent did not testify at trial, consequently his version of the factual basis is not part of the record before the Court. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398  (2011).

Respondents, in a thorough and detailed review of Petitioner's conviction, appeal and post-conviction litigation, argued procedural default, claims not cognizable for federal habeas relief, as well as dismissal on the merits. (Docs. 12-15) In addition, the Magistrate Judge's Report and Recommendation is thorough and well-reasoned. (Doc. 19.)

Petitioner's Objections do not highlight any new or pertinent law or facts that were left unconsidered, unresolved or improperly resolved in the R&R.

**CERTIFICATE OF APPEALABILITY**

This Court has authority to issue a Certificate of Appealability (COA), if the Petitioner has made a substantial showing that he was denied a federal constitutional right. 28 U.S.C. § 2253(c)(2). The COA shall indicate which specific issue or issues where there is substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(3).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *United States v. Martin*, 226 F.3d 1042, 1046 (9th Cir. 2000) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).)

The issue is somewhat more complicated where the district court dismisses the petition based on procedural grounds, without reaching the merits of the underlying claim, then the COA issues if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district

3

court was correct in its procedural ruling. *Martin*, 226 F.3d at 1046. The first step is to decide whether the petition raises a debatable constitutional question, then the question is whether the procedural issue raised in the petition is highly debatable. *Id.*

Here, the Court ruled on both the merits and on procedural grounds. The Court finds that the Petition failed to raise any constitutional issues or procedural issues that would be highly debatable among jurists of reason.

**CONCLUSION**

Accordingly, after conducting a de novo review of the record,

**IT IS ORDERED** that the Court **ADOPTS** the Report and Recommendation (Doc. 19) in its entirety.  The Objections raised by the Petitioner are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED** and this action is **DISMISSED** with prejudice.  Final Judgment to enter separately.

**IT IS FURTHER ORDERED** that the Certificate of Appealability is **DENIED**.

DATED this 19th day of May, 2014.

David C. Bury
United States District Judge